[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11391
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2006
THOMAS K. KAHN
CLERK

BIA Nos.  A96-271-426 & A96-271-427

GUSTAVO ADOLFO RESTREPO-VELASQUEZ,
LUCE ALBA BEDOYA-BEDOYA,
ALEJANDRA RESTREPO-BEDOYA,
SANTIAGO RESTREPO-BEDOYA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 8, 2006)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gustavo Adolfo Restrepo-Velasquez, a native and citizen of Colombia, petitions for review of a decision of the Board of Immigration Appeals that affirmed the denial of his application for asylum. Other members of Restrepo-Velasquez's family depend on his application. Restrepo-Velasquez argues that the BIA erred because the decision of the Immigration Judge is not supported by substantial evidence. We deny Restrepo-Velasquez's petition.

## I. BACKGROUND

In December 2002, Restrepo-Velasquez entered the United States as a non-immigrant visitor. Within a month of his arrival, Restrepo-Velasquez filed an application for asylum and withholding of removal that alleged persecution by the Revolutionary Armed Forces of Colombia (FARC) and the United Self-Defense Forces of Colombia (AUC). Restrepo-Velasquez alleged that the FARC and AUC persecuted him based on his activities with "Project for the Future," which is a branch of the Conservative Party.

Restrepo-Velasquez asserted several incidents of persecution. Restrepo-Velasquez alleged that in December 2000, the FARC telephoned his business and warned him to discontinue his political activities. Restrepo-Velasquez also alleged that the FARC demanded extortion money from him every six months starting in June 2001. Restrepo-Velasquez asserted that, in April 2001, AUC members demanded that he join their group because his lucrative business would help fund

2

their organization. Restrepo-Velasquez also alleged that, in January 2002, the FARC burst into his office told him and his secretary to discontinue Restrepo-Velasquez's participation in Project for the Future. Restrepo-Velasquez also asserted that, in June 2002, the FARC threatened his son at Restrepo-Velasquez's place of business. Restrepo-Velasquez alleged that, in September 2002, the AUC demanded money from him.

Restrepo-Velasquez alleged that in October 2002, he was kidnapped and beaten by a group of men. As Restrepo-Velasquez left a meeting that supported a Conservative councilwoman, a group of men threw Restrepo-Velasquez into the back of a car, drove him to an undetermined location, stripped him, and beat him. According to Restrepo-Velasquez, the men demanded that he discontinue his work for Project for the Future and pay money to the FARC. The men left after Restrepo-Velasquez offered them 50 million pesos. Restrepo-Velasquez submitted a medical certificate from his doctor to show that he suffered injuries on his face, back, left side, shoulder, right arm, and right leg.

The IJ denied Restrepo-Velasquez's application. The IJ found that Restrepo-Velasquez failed to establish a nexus between his political activities and the extortionate activities of the FARC and AUC. The IJ stated that "all the documents submitted by [Restrepo-Velasquez] concerning the alleged threats refer to a threat of extortion and none of these documents mention any crimes against

3

[him] or death threats or kidnappings on account of [his] political . . . activities." The IJ also found that Restrepo-Velasquez's political activities with Project for the Future were "scant" and he failed to explain why the FARC did not persecute other members of Project for the Future. The IJ concluded that extortion, not political opinion, motivated the incidents Restrepo-Velasquez alleged. The BIA affirmed the decision of the IJ without opinion.

## II. STANDARD OF REVIEW

We review the decision of the BIA, except to the extent that the BIA expressly adopts the decision of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Findings of fact made by . . . the [Immigration Judge] may be reversed by this Court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006) (alterations in original) (internal citations omitted).

## III. DISCUSSION

To apply for asylum, an alien must be a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unable to return to his home country "because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b). "[P]ersecution is an extreme concept,

4

requiring more than a few isolated incidents of verbal harassment or intimidation."

Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004). To establish persecution based on political opinion, the applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." Id. at 1231. Restrepo-Velasquez failed to establish that he suffered persecution "on account of . . . [his] political opinion." 8 U.S.C. § 1101(a)(42)(A).

Restrepo-Velasquez argues that the extortion threats were motivated in part by his activities with Project for the Future, but there are two problems with this argument. First, except for the kidnapping and assault in October 2002, the incidents in which Restrepo-Velasquez alleged that references were made to his political activities did not rise to the level of persecution because they were no "more than a few isolated incidents of verbal harassment of intimidation." Sepulveda, 401 F.3d at 1231. Second, although the kidnapping and beating incident in October 2002 rises to the level of persecution, the record does not compel the conclusion that this incident was motivated by his political activities. See Tan, 446 F.3d at 1374. Restrepo-Velasquez testified that the men left after he offered them money, and the IJ found that "none of the documents mention any crimes against [him] . . . on account of [his] political or social activities." Although Restrepo-Velasquez contends that the IJ erroneously relied on the

5

absence of evidence that other participants in Project for the Future were persecuted, the record does not compel the conclusion that Restrepo-Velasquez was harassed on the basis of his political opinion.  Substantial evidence still supports the conclusion of the IJ that the extortion threats were criminal activities, not based on Restrepo-Velasquez's political activities.

Restrepo-Velasquez also failed to establish "a well-founded fear of [future] persecution . . . on account of . . . [his] political opinion."  8 U.S.C. § 1101(a)(42)(A).  The record does not compel the conclusion that Restrepo-Velasquez would be persecuted based upon his political activities.  Evidence of Restrepo-Velasquez's political participation was "scant," and most of the incidents that Restrepo-Velasquez alleged were related to extortion, not his political activities.  Substantial evidence supports the conclusion of the IJ that Restrepo-Velasquez failed to establish a well-founded fear of future persecution.

## IV. CONCLUSION

Restrepo-Velasquez's petition for review is

**DENIED.**

6